No. 04-2451
File Name: 05a0535n.06
Filed: June 22, 2005

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff-Appellee,** | ) | |
| **v.** | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT** |
| **DANIEL MORRIS BROUCEK,** | ) | **COURT FOR THE WESTERN** |
| **Defendant-Appellant.** | ) | **DISTRICT OF MICHIGAN** |
| | ) | |

BEFORE: MERRITT, DAUGHTREY, CIRCUIT JUDGES; AND PHILLIPS, DISTRICT

JUDGE[1]

PHILLIPS, DISTRICT JUDGE. Defendant-Appellant, Daniel Morris Broucek,

appeals from a sentence imposed pursuant to his guilty plea for mail fraud and interstate

travel or transportation in aid of racketeering. He contends that the district court imposed

an effective prison sentence of 84 months, which exceeded the applicable guideline range

of 63-78 months for the offenses. In light of the Supreme Court's decision in *United States

v. Booker,* ___ U.S. ___, 125 S. Ct. 738 (2005), we **VACATE** the decision of the district

court and **REMAND** for resentencing.

---

[1] Honorable Thomas W. Phillips, United States District Judge for the Eastern
District of Tennessee, sitting by designation.

## Background

Broucek pleaded guilty to charges of mail fraud and interstate travel or transportation in aid of racketeering in connection with a pyramid scheme in which he collected approximately $140,000,000 from more than 700 victims over a seven-year period. When the scheme eventually collapsed in 2002, authorities estimated that the actual losses to individuals totaled $48,495,523. Because approximately $6,000,000 was recovered from the defendant's bank account, the government and the defendant agreed that the losses for sentencing purposes equaled $42,495,523.

Under the relevant provisions of the United States Sentencing Guidelines in effect at the time, such a loss called for increasing the base offense level of 6 by 22 levels to 28. *See* U.S.S.G. §§ 2B1.1(a) and (b)(1)(L) (2001).[2] An additional four levels were added because of the number of victims involved, *see* U.S.S.G. § 2B1.1(b)(2)(B), before a total of six levels were subtracted for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and for providing substantial assistance to the authorities, *see* U.S.S.G. § 5K1.1. The government and the defendant thus agreed that Broucek was subject to a sentence between 63 and 78 months as an Offense Level 26, Criminal History Category I offender.

---

[2] The 2001 version of the guidelines in effect at the time of the crime appear to have been used by the district court in sentencing because of ex post facto problems with the increased sentences permitted under the 2004 version of the guidelines in effect at the time of Broucek's sentencing.

At the sentencing hearing, however, the district court imposed consecutive sentences of 48 and 36 months on the defendant, resulting in an effective prison term of 84 months. Broucek appeals, asserting that such a sentence exceeds the guideline range.

## Analysis

The defendant's sole allegation of error is that the district court was required to impose a prison term within the 63-78 month range provided by the Guidelines in effect at the time of his sentencing. However, while this case was pending on appeal before this court, the Supreme Court issued its decision in *United States v. Booker.* In *Booker,* the Supreme Court ruled that Guideline provisions can no longer be considered mandatory, but rather, must be treated as being advisory only. *See Booker,* 125 S. Ct. at 756-57. Consequently, the district court was not bound by the 63-78 month sentencing range previously in effect as long as the court "considered" that range, in conjunction with other factors listed in 18 U.S.C. § 3553(a), and the sentence actually imposed is "reasonable". *Id.* The rule announced in *Booker* was explicitly made applicable to cases pending before the federal appellate courts at the time the decision was announced. *Id.* at 769.

The government argues that a remand is not necessary because the district court clearly did not consider the Guideline range mandatory, as evidenced by its decision to impose a sentence of 84 months, a sentence in excess of the Guideline range. In addition, the government points out that the district judge had discretion in how far to depart

downward granting the government's motion under U.S.S.G. § 5K1.1 and concluded that a three-point level departure was appropriate.

However, the government's arguments miss the point that even though the district judge sentenced Broucek above the applicable Guideline range, the district judge began his analysis with the understanding that the Guidelines were mandatory. The district judge determined that a sentence of 84 months was justified because he chose not to group the offenses, instead imposing a sentence for each offense to be served consecutively. Thus, it appears that the district judge felt obligated to adhere to Guideline directives in determining Broucek's sentence.

Because this case was pending on direct review when *Booker* was decided, the holdings of *Booker* are applicable in the present case. In light of *Booker*, and the fact that the district court sentenced Broucek under the now-erroneous impression that the Guidelines were mandatory, we are convinced that the proper course of action is to vacate Broucek's sentence and remand for resentencing. *See United States v. Daniel,* 398 F.3d 540, 547-51 (6th Cir. 2005); *United States v. Barnett,* 398 F.3d 516, 528-30 (6th Cir. 2005). On remand, "we encourage the sentencing judge to explicitly state his reasons for applying particular Guidelines, and sentencing within the recommended Guidelines range, or in the alternative, for choosing to sentence outside that range. Such a statement will facilitate appellate review as to whether the sentence was 'reasonable.'" *United States v. Jones,* 399 F.3d 640, 650 (6th Cir. 2005); *see also Booker,* 125 S. Ct. At 765 (noting that appellate

review of a district court sentence is for reasonableness); *United States v. Webb,* 403 F.3d 373 (6th Cir. 2005) (engaging in reasonableness review, but refusing to "define rigidly at this time either the meaning of reasonableness or the procedures that a district judge must employ in sentencing post-*Booker*").

## Conclusion

Therefore, for the foregoing reasons, we **VACATE** Broucek's sentence and **REMAND** for resentencing consistent with the Supreme Court's decision in *United States v. Booker* and with this opinion.